IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIM ANITA THOMPSON,

                Plaintiff,

v.

BELK, INC., FAISON
ENTERPRISES, INC., and
FAISON-WINDER INVESTORS,
LLC,

                Defendants.

1:13-cv-1412-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Kim Anita Thompson's ("Plaintiff" or "Thompson") Motion to Remand [8].

**I.   BACKGROUND**

This is a personal injury action arising from a trip-and-fall accident at a store owned and managed by Defendants Belk, Inc. ("Belk"), Faison Enterprises, Inc. ("Faison") and Faison-Winder Investors, LLC ("Faison-Winder") (collectively, "Defendants"). On November 29, 2009, Plaintiff tripped and fell on a sidewalk curb while pushing a shopping cart through the parking lot outside of Defendants' store located in Winder, Georgia.

*1.     The Original Action*

On November 22, 2011, Plaintiff, represented by counsel, filed her Original Complaint [8.1 at 1-3] in the State Court of Gwinnett County, Georgia (the "Original Action"),[1] asserting a single claim of negligence for injuries she suffered as a result of the November 29, 2009, accident.  Plaintiff's Original Complaint did not request a specific amount in damages.

On December 27, 2011, Belk served Plaintiff with discovery requests [10.1; 10.2].  On February 3, March 8, and April 13, 2012, Belk sent Plaintiff letters requesting her discovery responses.  (Morton Aff. [10.3] ¶¶ 4-9 & Exs. 3-A, 3-B, 3-C).  Plaintiff did not respond to Belk's discovery requests or follow-up communications.  (Morton Aff. ¶¶ 4-9).  On May 23, 2012, Belk moved to compel discovery [10.5].

In June 2012, Plaintiff's then-counsel told her that he intended to dismiss the Original Action and re-file it in December 2012, as part of his "legal strategy." (Thompson Aff. [19.1] ¶ 10).

On July 19, 2012, the state court entered an order compelling Plaintiff to respond to Belk's discovery requests by August 8, 2012, and awarded Belk its attorney's fees incurred in bringing the motion [10.6].  The state court found that

---

[1]     No. 11 C-09070-5.  Plaintiff's husband also asserted a claim for loss of consortium in the Original Action.  He is not a party to this Renewed Action.

2

Plaintiff did not offer a specific reason to excuse her failure to timely respond to Belk's discovery requests.

On July 27, 2012, Plaintiff voluntarily dismissed the Original Action without prejudice [8.1 at 8-9].

2.   *The Renewed Action*

On January 18, 2013, Plaintiff, represented by new counsel, filed her Renewed Complaint [1.3] in the State Court of Fulton County, Georgia (the "Renewed Action").[2]  Plaintiff's Renewed Complaint seeks general damages for her past and future physical and mental pain and suffering, special damages in excess of $29,000 for medical expenses incurred as a result of the trip and fall accident, and attorney's fees and costs.

On February 25, 2013, Belk served Plaintiff with its discovery requests.  On March 28, 2013, Belk received Plaintiff's responses.  Plaintiff states that her medical expenses total approximately $42,000, and that her medical providers have made $86,224.94 in claims to her insurers, for treatment she received as a result of the November 29, 2009, accident.  [10.10 at 7-15, 20].

On April 26, 2013, Belk removed the Renewed Action to this Court based on diversity jurisdiction [1].  Faison and Faison-Winder consented to removal.

---

[2]   No. 13 EV 016552-D.

[1.1; 1.2].  Belk asserts that complete diversity exists among the parties and that discovery shows that the amount in controversy exceeds $75,000.

On May 8, 2013, Plaintiff moved to remand this action to state court. Plaintiff contends that, because this action was commenced when she filed her Original Complaint on November 22, 2011, removal is untimely under 28 U.S.C. § 1446, which provides that removal based on diversity jurisdiction must occur within one (1) year after an action is commenced.

## II.   DISCUSSION

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  The Court's jurisdiction in this case is premised on diversity of citizenship, which authorizes federal jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  The Court finds, and the parties do not dispute, that complete diversity exists among the parties and the amount in controversy requirement is satisfied in this action.

Removal must also comply with Section 1446, which provides that "a case may not be removed on the basis of [diversity jurisdiction] more than 1 year after

commencement of the action." 28 U.S.C. § 1446(b) (2006) (amended 2011).³  To determine when an action is "commenced" under Section 1446, courts apply the law of the state from which the action was removed.  See Cameron v. Teeberry Logistics, LLC, 920 F. Supp. 2d 1309, 1312 (N.D. Ga. 2013).  In Georgia, an action is commenced when the complaint is filed.  O.C.G.A. § 9-11-3(a); see also Franek v. Ray, 236 S.E.2d 629, 631-632 (Ga. 1977).  In the case of a renewed action—where a case has been dismissed without prejudice and re-filed within six (6) months of dismissal—the renewed action is deemed to have "commenced" on the date the original complaint was filed.  See Hattaway v. Engelhard Corp., 998 F. Supp. 1479, 1480-1481 (M.D. Ga. 1998) (citing O.C.G.A. § 9-2-61 (Georgia renewal statute) and Granite State Ins. Co. v. Nord Bitumi U.S., Inc., 422 S.E.2d 191, 195 (Ga. 1992) (renewed suit "stand[s] on the same footing, as to limitation,

---

³   In 2011, Section 1446 was amended to include an exception to the one-year period for removal where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action," including where "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal." 28 U.S.C. § 1446(c)(1), (c)(3)(B).  The 2011 Amendment took effect on January 6, 2012 and applies to "any action or prosecution commenced on or after such effective date. . . . [A]n action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court." 2011 Acts, Pub.L. 112-63, Title I, § 105, Dec. 7, 2011, 125 Stat. 762.

   Here, because the Renewed Action was "commenced" under Georgia law when Plaintiff filed her Original Complaint on November 22, 2011, the 2011 Amendment to Section 1446 does not apply in this action.  See infra at 5-6.

with the original case. . . .")).

Here, Plaintiff filed her Original Complaint on November 22, 2011, voluntarily dismissed the action without prejudice on July 27, 2012, and timely filed her Renewed Complaint on January 18, 2013.  It is undisputed that this action was commenced on November 22, 2011, and it was removed to this Court based on diversity jurisdiction on April 26, 2013, seventeen (17) months after it was commenced.  Under Section 1446, removal is thus untimely.

Belk argues, however, that Plaintiff should be equitably estopped from raising the one-year limitations period for removal because Plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal.  "[T]he timeliness of removal is a procedural defect—not a jurisdictional one."  Moore v. North Am. Sports, Inc., 623 F.3d 1325, 1329 (11th Cir. 2010).  District courts have permitted a defendant to remove an action more than one year after its commencement where the plaintiff engaged in bad faith manipulation of the state court's jurisdiction.  See, e.g., Barnett v. Sylacauga Autoplex, 973 F. Supp. 1358, 1367 (N.D. Ala. 1997) (plaintiff estopped from raising one-year limitation where plaintiff acted in bad faith by disguising existence of removability of the case until the one-year limitation had run); Morrison v. Nat'l Ben. Life Ins. Co., 889 F. Supp. 945 (S.D. Miss. 1995); see also Hattaway, 998 F. Supp. at 1480 n.2 & 1482

(recognizing that, because one-year limitation was procedural, it could be waived or plaintiff could be estopped from raising it based on equitable considerations; equitable estoppel required finding of bad faith or deception by plaintiff); see also 14C Charles Alan Wright et al., Federal Practice and Procedure § 3731, at 609-615 (4th ed. 2009) (collecting cases).

In this case, Plaintiff failed to provide any information regarding her alleged damages until after the one-year period for removal had expired.  On November 22, 2011, Plaintiff filed her Original Complaint, which did not request a specific amount of damages.  On December 27, 2011, Belk served Plaintiff with discovery requests, including requests aimed at determining the amount of damages claimed.  Plaintiff failed to respond to Belk's discovery requests or its follow-up communications.  On May 23, 2012, Belk moved to compel discovery.  On July 19, 2012, the state court entered its order compelling Plaintiff to respond to Belk's discovery requests by August 8, 2012, and awarded Belk its attorney's fees incurred in bringing the motion.  The state court found that Plaintiff did not offer specific reasons to excuse her failure to timely reply to Belk's discovery requests.  On July 27, 2012, instead of responding to Belk's discovery requests, Plaintiff voluntarily dismissed the Original Action, intending to re-file the case in six months.

Plaintiff's discovery responses in the Renewed Action show that at least $75,000 of her claimed medical expenses were incurred before she filed her Original Complaint and that Plaintiff knew, or should have known, prior to the expiration of the one-year period for removal, that the amount in controversy exceeds the jurisdictional threshold. Plaintiff's failure to comply with her discovery responsibilities in the Original Action thus prevented timely removal. That her then-current counsel told Plaintiff, after Belk moved to compel discovery, that he intended to dismiss the Original Action and re-file it in December 2012, as part of his "legal strategy," supports that Plaintiff acted in bad faith by disguising the removability of the Original Action until the one-year period for removal had expired.

Plaintiff argues that she should not be held responsible for her former counsel's failure to provide discovery responses in the Original Action because she was unaware of Belk's requests. The Court disagrees. It is well-established that "each party is deemed bound by the acts of [her] lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Jones v. Anheuser Busch, 331 F. App'x 708, 710 (11th Cir. 2009) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962)) (internal quotation omitted).[4] Here,

---

[4]   In Link, the Supreme Court observed that "a civil plaintiff may be deprived

8

Plaintiff voluntarily chose her former attorney to represent her in the Original Action and she "cannot now avoid the consequences of the acts or omissions of this freely selected agent." See Link, 370 U.S. at 633-634.

Plaintiff next argues that she did not act in bad faith because she never affirmatively asserted that her damages would not exceed the jurisdictional limit and her discovery responses in this action "clearly revealed—*at the first opportunity in which Plaintiff was required to disclose such information in the renewed case*—the establishment of federal jurisdiction." (Plf's Reply at 14) (emphasis in original). Plaintiff's compliance with her responsibilities in this Renewed Action, however, does not absolve her of her misconduct in the Original Action. Because Plaintiff failed in the Original Action to respond to Belk's discovery requests for seven (7) months after she received them, and then chose to dismiss the action instead of responding, the period for Belk to remove this action expired even before Plaintiff filed her Renewed Complaint. Plaintiff should not be permitted to benefit from the delay in Belk's ability to remove this action when her misconduct caused the delay. The Court finds that Plaintiff acted in bad faith by

---

of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit. And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." Link, 370 U.S. at 634 n.10.

disguising the amount in controversy and that her conduct prevented timely removal of this action. Plaintiff's Motion to Remand is denied.[5]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Kim Anita Thompson's Motion to Remand [8] is **DENIED.**

**SO ORDERED** this 25th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[5] This result is consistent with the purpose of Section 1446. In 1988, the one-year period for removal was established "as a means of reducing the opportunity for removal after substantial progress has been made in state court," and because "[r]emoval late in the proceedings may result in substantial delay and disruption." See Hattaway, 998 F. Supp. at 1481 (quoting H.R. Rep. No. 889, 100th Cong., 2d Sess. 72, reprinted in U.S. Cong. & Admin. News 1988, pp. 5982, 6032-33). Here, substantial progress had not occurred prior to removal due to Plaintiff's litigation strategy and misconduct in the Original Action. That Section 1446 was amended in 2011 to include an express exception to the one-year rule in cases of bad faith, including where a plaintiff deliberately fails to disclose the actual amount in controversy to prevent removal, further supports that removal here was proper.